IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CR-00147-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| RODERICK LAUADES BROWN | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's pro se Motion to Dismiss Bill of Indictment, (Doc. No. 36), the government's response, (Doc. No. 37), and related pleadings.

The defendant was charged along with eleven co-defendants for offenses related to an alleged cocaine and crack conspiracy in Iredell and Mecklenburg Counties that began in or about January 1998 and continued to the date of the indictment, December 18, 2007. (Case No. 5:07-cr-50, Doc. No. 1). The indictment was superseded in 2008 with the addition of more co-defendants and counts. (Id., Doc. No. 78). That indictment was dismissed without prejudice, (Id., Doc. No. 569: Order), when the defendant pled guilty to an information, (Case No. 5:13-cr-24, Doc. No. 1), charging him with possessing crack on November 5, 2007, with intent to distribute.

Although the government alleged during arraignment and bond review hearings, (Case No. 5:07-cr-50, Doc. No. 584: Arraignment Hr'g Tr. at 11, Doc. No. 585: Bond Review Hr'g Tr. at 13), that the defendant was engaged in additional drug activity on November 2, 2012, when he was arrested on the 2007 indictment, there was no mention in the plea agreement, (Case No. 5:13-cr-24, Doc. No. 2), or plea hearing, (Id., Doc. No. 16: Plea Hr'g Tr. at 15, 19), that he would not be prosecuted for that conduct. On February 10, 2014, another judge in this district

1

sentenced the defendant to 26 months' imprisonment for the November 5, 2007, offense. (Id., Doc. No. 12: Judgment at 1-2).

On August 19, 2014, the defendant was charged in the instant case for alleged cocaine and money laundering conspiracies in Mecklenburg and Union Counties that began in or about 2011 and continued to in or about 2012.[1] (Doc. No. 1: Indictment). That indictment was superseded on September 17, 2014, to add charges for possessing at least 5 kilograms of cocaine on June 1, 2012, with intent to distribute (Count Three), possessing cocaine and Ecstasy on November 2, 2012, with intent to distribute (Count Four), and possessing one or more firearms on that date, in furtherance of drug trafficking (Count Five), and as a convicted felon (Count Six). (Doc. No. 10). On November 18, 2014, the defendant pled guilty to Counts One and Two and the government agreed to dismiss the remaining counts, which could be considered as relevant conduct. (Doc. No. 17: Plea Agreement at 1; Doc. No. 18: Acceptance and Entry of Guilty Plea). During the plea hearing, the defendant raised no objection to charges, and the magistrate judge found his plea to be knowing and voluntary. (Doc. No. 20: Courtroom Recording).

After the final Presentence Report was filed, (Doc. No. 33), the defendant filed the instant motion on October 14, 2015, claiming the indictment should dismissed based on pre-indictment delay, double jeopardy, vindictive prosecution, and lack of jurisdiction. (Doc. No. 36). Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge a defective indictment prior to trial. However, a knowing and voluntary plea of guilty waives non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged,

---

[1] No co-defendants or co-conspirators were named in the indictment. (Doc. No. 1 at 1-2).

he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Accordingly, the Court finds that the claims, other than regarding jurisdiction, were waived by the defendant when he entered his knowing and voluntary plea.

Federal Rule of Criminal Procedure 12(b)(2) allows a defendant to raise a claim about jurisdiction at any time the case is pending. It is clearly established that the Drug Act, 21 U.S.C. § 801 et seq., resulted from the constitutional exercise of congressional power under the Commerce Clause, United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995); therefore, the Court has jurisdiction over Count One, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), pursuant to 18 U.S.C. § 3231. Similarly, the criminal statute against money laundering, 18 U.S.C. § 1956, clearly falls within the power of Congress to regulate interstate commerce, United States v. Owens, 159 F.3d 221, 226 (6th Cir. 1998) (collecting cases); therefore, the defendant's jurisdictional challenge to Count Three is without merit.

**IT IS, THEREFORE ORDERED** that the defendant's Motion to Dismiss, (Doc. No. 36), is **DENIED**.

Signed: February 12, 2016

Robert J. Conrad, Jr.
United States District Judge